**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alvie Copeland Kiles, | No. CV-17-04092-PHX-GMS |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Respondents' Motion for an Order to Preclude Defense Team from Contacting Victims (Doc. 12), which is fully briefed. (Docs. 27–28.) The Court addresses the motion as follows.

Respondents ask the Court to enter an order "precluding Petitioner Alvie Copeland Kiles' defense team from directly contacting any victim in this proceeding." (Doc. 12 at 1.) In support of their request, Respondents cite provisions of state and federal law, including A.R.S. § 13–4433(B), which provides that "[t]he defendant, the defendant's attorney or an agent of the defendant shall only initiate contact with the victim through the prosecutor's office," and the Crime Victims' Rights Act (CVRA), which gives state crime victims in federal habeas cases "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Kiles opposes the motion, arguing that (1) Respondents' proposed procedure will interfere with his attorneys' statutory and ethical obligations to conduct a thorough investigation; (2) Respondents do not represent the victims and cannot assert their rights; (3) compliance

with A.R.S. § 13–4433(B) is not expressly authorized by federal law; and (4) granting Respondents' requested relief would be premature. (Doc. 27.)

Regardless of whether A.R.S. § 13–4433(B) directly applies to these proceedings, the Court finds that the statute provides a reasonable mechanism to facilitate contact between Kiles' defense team and victims that is consistent with the purposes of the CVRA. Using counsel for Respondents to channel requests to contact victims does not unduly burden Kiles' access to the victims. *See, e.g.*, *Chappell v. Ryan*, No. CV-15-00478-PHX-SPL (D. Ariz. Jul. 21, 2015).

For the reasons set forth above,

**IT IS ORDERED** that Respondents' Motion for Order to Preclude Defense Team from Contacting Victims (Doc. 12) is **GRANTED**. No person who is defined as a victim in this matter pursuant to Arizona law shall be contacted by anyone working with or on behalf of Petitioner or Petitioner's counsel unless the victim, through counsel for Respondents, has consented to such contact. If consent is not provided and Petitioner nonetheless believes contact is necessary, Petitioner may file a motion with the Court explaining the necessity for such contact and further addressing the applicability of Arizona's provisions governing the rights of victims.

Dated this 20th day of April, 2018.

Honorable G. Murray Snow
United States District Judge