**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alvie Copeland Kiles, | No. CV-17-04092-PHX-GMS |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | **ORDER** |
| David Shinn, et al., | |
| Respondents. | |

    Pending before the Court is Petitioner Alvie Copeland Kiles's Motion to File Under Seal. (Doc. 71.) Petitioner requests that this Court file Exhibits 120–148 (juror questionnaires from state court proceedings), as well as Exhibits 149–180 (communications between Petitioner and his counsel), under seal. Respondents filed no response.

    It is well settled that the public has a common law right of access to judicial documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)*; San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1102 (9th Cir. 1999). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 597 & n.7). Unless a court document "is one 'traditionally kept secret,'" such as grand jury transcripts or certain pre-indictment materials, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

1135 (9th Cir. 2003)).

A party seeking closure can overcome the presumption of access by showing "sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. This standard has been described as a "balancing test," *San Jose Mercury News, Inc.,* 187 F.3d at 1102, in which the court must weigh such factors as the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *E.E.O.C. v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)).

The documents designated as Exhibits 120–148 contain identifying information regarding several jurors, which is customarily kept secret. *See* Guide to Judiciary Policy, Ch. 3, § 340(e) ("documents containing identifying information about jurors or potential jurors" in a criminal case "must not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access"). Petitioner's motion for leave to file these documents under seal will therefore be granted. However, because Petitioner refers to these documents in his request for evidentiary development (Doc. 70), Petitioner must publicly file the documents with any juror identifying information appropriately redacted. *See* Fed. R. Civ. P. 5.2(d) ("The court may . . . order the person who made the filing to file a redacted version for the public record.").

Petitioner, however, has not provided adequate grounds for the Court to seal the remaining documents, designated Exhibits 149–180. When a party seeks to seal documents attached to a dispositive motion, that party bears the burden of articulating compelling reasons, supported by factual findings, that the need to seal the documents in question outweighs "the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79. In this case, Petitioner has proffered privileged materials as exhibits to his request for the evidentiary development of his habeas petition. When discovery materials are attached to a motion seeking action by the court, they become

subject to the presumption of access. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (holding that even documents specifically covered by a protective order during discovery must be unsealed, absent an overriding interest, when attached to a dispositive motion).

From a cursory review of the materials (Exs. 149–180), it is apparent that at least some of the attorney-client communications at issue would be protected by the Ninth Circuit's holding in *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003), which precludes the use of privileged or confidential information disclosed in federal habeas proceedings from use in any resentencing proceedings in state court, should one occur. The right of public access, however, was not at issue in *Bittaker*. The materials the petitioner sought to protect were subject to disclosure as a result of court-authorized discovery, not attached to a motion seeking relief from the court as is the case here. As the Ninth Circuit has explained, "the purpose of a protective order is to allow a party to disclose materials in a habeas proceeding but not in subsequent litigation (as opposed to shielding the evidence from the public). *Lambright v. Ryan*, 698 F.3d 808 (9th Cir. 2012).[1] Accordingly, the Court declines to allow blanket sealing of such materials without consideration of the public's right of access.

The Court must balance competing interests to determine if the public right of access has been overcome before it will allow Petitioner's exhibits to be filed under seal. Because Petitioner did not specifically address the public's right of access in his motion to seal, the Court will deny the motion as to Exhibits 149–180 without prejudice to refiling. In his renewed motion, Petitioner shall expressly address the prejudice he could suffer should the

---

[1] Without a stipulation or demonstration that the materials are subject to a protective order at this time, the Court does not issue a protective order or address the scope of Petitioner's waiver of privileged material. *See Carrasco v. Davis*, No. CV 15-01451 CJC, 2016 WL 11519342, at *3 (C.D. Cal. May 4, 2016) (distinguishing *Lambright*, 698 F.3d 808, and ruling that the party asserting a privilege must make a prima facie showing that the privilege protects the information and rejecting the petitioner's suggestion that he is entitled to a protective order because he chose to file materials that he believes may contain attorney-client or work product information).

exhibits, in whole or in part, be filed in the public record.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to File Under Seal (Doc. 71) is **GRANTED** in part as to Petitioner's request to seal Exhibits 120–148 and **DENIED** in part as to Petitioner's request to seal Exhibits 149–180.

**IT IS FURTHER ORDERED** that the Petitioner must relodge only Exhibits 120–148 for filing under seal by the Clerk of Court.[2]

**IT IS FURTHER ORDERED** that upon relodging, the Clerk of Court is **DIRECTED** to file under seal Exhibits 120—148 of Petitioner's Notice of Request for Evidentiary Development.

**IT IS FURTHER ORDERED** that Petitioner must publicly file Exhibits 120–148 with any juror identifying information appropriately redacted.

Dated this 19th day of November, 2020.

_____
G. Murray Snow
Chief United States District Judge

---

[2] The Clerk of Court cannot file portions of attachments under seal. Accordingly, the Court orders Petitioner to relodge the juror questionnaires for filing under seal.