**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alvie Copeland Kiles,<br><br>　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　Respondent. | No. CV-17-04092-PHX-GMS<br><br>**ORDER**<br><br>DEATH PENALTY CASE |

Alvie Copeland Kiles is an Arizona State prisoner under sentence of death. Pending before the Court in this capital habeas proceeding is Petitioner Kiles's motion for an order requiring the parties to meet and confer to establish a DNA testing protocol for the prosecuting county's investigation of a woman who believes she is one of two children Kiles was convicted of murdering and whose body was never found. (Doc. 112.) Respondents have filed an opposition (Doc. 113), and Kiles has filed a reply in support of the motion (Doc. 114). For the reasons that follow, the Court denies the motion.

**Background**

In January 1989, Kiles moved in with Valerie Gunnell and her two daughters, S.G. and L.K., in her apartment in Yuma, Arizona.

In 2000, Kiles was convicted of three counts of first degree murder and two counts of child abuse for murdering Valerie Gunnell and her two daughters. In 2006, a jury found three aggravating factors for each murder: (1) Kiles had been previously convicted of a crime involving the use or threat of violence, (2) he had been convicted of multiple

homicides, and (3) he had committed the offenses in an especially cruel, heinous, or depraved manner. *See* A.R.S. § 13-703(F)(2) (1989) (prior offense involving threat or use of violence); A.R.S § 13-751(F)(6), (F)(8) (Supp. 2008) (multiple murders and especially cruel, heinous or depraved).[1] The jury also concluded that the two children were less than fifteen years old. A.R.S. § 13–751(F)(9) (defendant an adult and victim younger than fifteen). The jurors, however, returned a verdict of death only for the murder of Valerie Gunnell. The jurors could not reach a unanimous verdict regarding the imposition of a capital sentence for the murders of the children. The State dismissed the notice of death penalty regarding those murders and the superior court sentenced Kiles to consecutive life sentences. Kiles did not appeal those convictions or sentences. Kiles's conviction and death sentence for murdering Valerie were affirmed on appeal. Kiles's post-conviction proceedings concluded without relief and he noticed his intent to file a habeas petition in this Court on Nov. 6, 2017 (Doc. 1.) That petition has been fully briefed and is under advisement by this Court.

On December 14, 2022, Respondents filed a Notice of Disclosure indicating that a woman claiming to be S.G., a person for whom Defendant has been convicted of murder had provided her DNA to the Yuma Police Department as potential proof that S.G. had never been murdered. This woman had not heard back from the Yuma Police. (Doc 111 at 2.)

Respondents state they took steps to identify the Yuma Police Department detective assigned to Kiles's case and contacted the assigned detective by both voicemail and email, detailing the new information and inquiring about what known DNA samples of the victims are still in possession of the Yuma Police Department to be compared with a known sample from the claimant.

According to Kiles' counsel Respondents have declined the invitation to meet to

---

[1] Arizona's capital sentencing statutes were reorganized and renumbered to A.R.S. §§ 13–751 to–759. Because the renumbered statutes are not materially different, the Court cites the current version of the statute, unless otherwise noted.

establish a testing procedure agreeable to both parties. They now move for an order requiring Respondents to do so. " (Doc. 112 at 2.)

**Discussion**

The district court has "inherent power over the administration of its business" that extends to regulating the conduct of the attorneys who appear before it and to promulgating and enforcing rules for the management of litigation. (Doc. 114 at 4.) (citing *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995)). Nevertheless, "recognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the administration of the States' criminal laws. . . ." *Olagues v. Russoniello*, 770 F.2d 791, 804 (9th Cir. 1985) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983).)  As Kiles notes, Arizona's post-conviction DNA testing procedures already provide that, under certain circumstances, a person convicted and sentenced for a felony offense "may request the forensic [DNA] testing of any evidence that is in the possession or control of the court or the state, that is related to the investigation or prosecution that resulted in the judgment of conviction, and that may contain biological evidence." A.R.S.  § 13-4240. Kiles suggests the State's DNA testing statutes, both postconviction testing, A.R.S. § 13-4240, and advanced forensic testing, A.R.S. § 13-4241, provide an appropriate blueprint for testing in this case, but fails to clearly articulate why he cannot utilize these state statutes to provide for the safeguards he proposes. Kiles explicitly chooses not to invoke those procedures here and suggests reasons why he does not have access to the relief provided in these statutes.  Nevertheless, Kiles was convicted of the murder of S.G., and thus it is not apparent why he cannot invoke these procedures.  There is nothing about the text of the statutes that preclude the Petitioner from pursuing such relief even if Petitioner did not appeal his conviction for S.G.'s murder.  And that murder is sufficiently related to the current death penalty habeas that it would be unlikely that Respondents could successfully argue that he has no interest in the results of the DNA.

Although the Court does not yet conclude that it has sufficient inherent authority to compel the parties to meet and confer about appropriate DNA testing procedures, the Court

need not need even consider the question of its inherent authority if sufficient statutory authority already exists by which Petitioner can obtain the relief he seeks. Pending an explanation as to why the Petitioner cannot invoke either of the two identified statutory procedures which set standards for and entitle him to compel such tests, the Court denies the motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** Kiles's Motion for Order Requiring the Parties to Meet and Confer Regarding a DNA Testing Protocol (Doc. 112) is **DENIED WITHOUT PREJUDICE**.

Dated this 13th day of January, 2023.

_____
G. Murray Snow
Chief United States District Judge