**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alvie Copeland Kiles,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-17-04092-PHX-GMS<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

Alvie Copeland Kiles is an Arizona State prisoner under sentence of death. Pending before the Court is Kiles's motion to authorize habeas counsel to represent him in state court for the purpose of pursuing relief under Arizona's postconviction DNA testing statute. (Doc. 131.) Respondents take no position on the relief requested. (*See id.*) The Court grants the motion.

On December 14, 2022, Respondents filed a Notice of Disclosure indicating that a woman had come forward claiming to be S.G., the infant murder victim in this case, and provided her DNA to the Yuma Police Department. (Doc. 111 at 2.) On February 14, 2023, Respondents filed a Notice of Disclosure indicating that DNA testing results of the individual were negative and that the biological sample collected from the claimant did "not match S.G., or either parent of S.G." (Doc. 121.)

Kiles now asserts that, despite a request for further information from Respondents, the disclosure of the test results is incomplete. Missing from the disclosure are "underlying data" and "laboratory notes" necessary to make sense of what appear to be anomalous test

results—for instance "an unexplained male DNA in the sample from the woman claiming to be S.G." (Doc. 131 at 4, 5.) Kiles seeks to litigate his right to this information under Arizona's postconviction DNA testing statute, A.R.S. § 13-4240(G). (Doc. 131 at 5). Previously, the Court denied Kiles's request that the Court order the parties to meet and confer regarding a DNA testing protocol in these federal proceedings as unnecessary in light of state statutory authority by which Kiles could obtain the relief he seeks, opining that "it would be unlikely that Respondents could successfully argue that he has no interest in the results of the DNA." (Doc. 115 at 3.)

The Criminal Justice Act provides for federally appointed counsel to represent their client in "other appropriate motions and procedures." 18 U.S.C. § 3599(e). Section 3599(e) does not ordinarily include state habeas proceedings, because they are not "properly understood as a 'subsequent stage' of judicial proceedings but rather as the commencement of new judicial proceedings." *Harbison v. Bell*, 556 U.S. 180, 189 (2009). Nevertheless, "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation." *Id.* at 190 n.7; *see also In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 462 (3d Cir. 2015) ("In some circumstances, a federal court can appoint counsel to represent a federal habeas corpus petitioner in state court for the purpose of exhausting state remedies before pursuing federal habeas relief.") (citing *Harbison*, 556 U.S. at 190 n.7).

Having reviewed the motion, the Court finds good cause to permit Kiles's federally-appointed counsel to represent him for the sole purpose of pursuing relief under Arizona's postconviction DNA testing statute. *See* 18 U.S.C. § 3599(e); *Harbison*, 556 U.S. at 190 n.7. Federal counsel has experience litigating under Arizona's forensic-testing statutes, (*see* Doc. 64 at 8), substantial experience working on capital cases, and is familiar with the underlying factual and legal grounds for the anticipated state court litigation. Additionally, Kiles has alleged in these habeas proceedings that his state postconviction counsel were ineffective, thus the appointment of current counsel will avoid unnecessary delay in

obtaining new counsel in state court and familiarizing them with the case.

By granting Kiles's motion, the Court does not convey any position with respect to the merits of the proposed litigation.

Based on the foregoing,

**IT IS ORDERED** that Kiles's Motion for Authorization for Habeas Counsel to Represent Petitioner in State Court (Doc. 131) is **GRANTED**. Federally-appointed counsel is authorized to represent Petitioner in state court for the purpose of pursing relief under Arizona's postconviction DNA testing statute.

Dated this 13th day of September, 2023.

_____
G. Murray Snow
Chief United States District Judge

- 3 -